[Crim. No. 7137.    Second Dist., Div. Three.    Feb. 21, 1961.]

THE PEOPLE, Respondent, v. ALLEN ROY WALTERS, Appellant.

Patrick Loughran, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Edsel W. Haws, Deputy Attorneys General, for Respondent.

SHINN, P. J.—In a jury trial appellant was convicted of first degree burglary. His motion for new trial was denied and he appeals from the judgment and order.

The appellant was accused of burglarizing the home of Mr. Donald Marshall on the evening of September 13, 1959. A neighbor, Mr. Drinkwater, at approximately 10:30 p. m. heard someone moving about in Marshall's residence. He observed the residence which was approximately 20 feet away and testified that he saw the appellant come out of the back door of the Marshall residence carrying a television set and a portable phonograph. Mr. Drinkwater further testified that he saw the appellant enter what he thought to be a 1950 bronze-colored Oldsmobile. The appellant was arrested on September 25, 1959. At this time he was a passenger in a 1950 Oldsmobile, bronze in color.

The appellant's defense was an alibi. He did not take the stand. A Mrs. Baylark testified that on the night of the burglary appellant stayed at her home from 8 p. m. until the following morning.

The prosecution offered the testimony of Officer McMenamin in rebuttal. This officer testified that during the course of his investigation of the case he had a conversation with appellant and that appellant stated he did not know Mrs. Baylark and that he did not spend the night of September 13, 1959, the night of the burglary, at her residence.

Counsel for the appellant objected to the testimony of Officer McMenamin upon the grounds that it could not be admitted after the close of the prosecution's case in chief, and that it was improper impeachment of the witness, Mrs. Baylark. The objections were overruled, the court admitting

the evidence for the purpose of impeaching the witness and to contradict the alibi defense.

The appellant contends that the statement as testified to by Officer McMenamin is not competent to impeach the testimony of Mrs. Baylark.

This contention is without merit. Section 2051 of the Code of Civil Procedure provides in part that a witness may be impeached by the party against whom he was called by contradictory evidence. The statement of appellant clearly contradicted the testimony of Mrs. Baylark as to the appellant's whereabouts on the date of the commission of the offense.

In this connection, it should be noted that appellant properly admitted in his opening brief that the statement in question clearly constituted an admission against his interest and was therefore admissible as an exception to the hearsay rule.

Whatever appellant says that is against his interest ·can be told at his trial by a witness to his admissions. (Code Civ. Proc., § 1870, subd. 2.)      Admissions of the defendant are also competent for the purposes of impeaching a defense witness. (*People* v. *Lindsey,* 90 Cal.App.2d 558 [203 P.2d 572].)

The appellant further contends that a proper foundation was not laid concerning the voluntary character of the admission. This contention does not require analysis even though no foundation was laid concerning the voluntary character of such admission, as appellant made no objection on this ground at the time of trial.

When no objection has been made in the trial court as to involuntariness and where, as here, no evidence is presented to show the involuntariness of the confession, it is not error to admit it for the purpose of impeachment. (*People* v. *White,* 43 Cal.2d 740, 745 [278 P.2d 9].) A case very much in point with the instant question held that it was not error to admit a confession into evidence without any foundation being laid concerning its voluntary character when no objection was made at the time the confession was admitted and there was no showing that it was involuntary. (*People* v. *Byrd,* 42 Cal.2d 200, 210-211 [266 P.2d 505]; see also *People* v. *Atchley,* 53 Cal.2d 160, 170-171 [346 P.2d 764].)

The judgment and order are affirmed.

Vallée, J., and Ford, J., concurred.