[Crim. No. 7942.   Second Dist., Div. Three.   May 31, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ROSALIND KAMINSKY, Defendant and Appellant.

Harry E. Weiss for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Plaintiff and Respondent.

FILES, J.—This is an appeal from a judgment whereby defendant was convicted of grand theft under Penal Code, section 487, subdivision 1. The evidence shows that defendant took $600 from an elderly woman by an ancient trick sometimes known as the "pigeon drop." There is no question of the sufficiency of the evidence.

Defendant's first point is "The information fails to set forth specific acts constituting an offense or to give adequate notice to the defendant upon which to prepare and present a defense."

This point was decided adversely to defendant in *People* v. *Anderson,* 55 Cal.2d 655 [12 Cal.Rptr. 500, 361 P.2d 32]. The Supreme Court upheld an information identical in form to the information in this case, and pointed out that under our practice the transcript of the evidence before the committing magistrate augments the formal allegations of the pleading to give the defendant ample notice of the details of the offense. (Accord: *People* v. *O'Hara,* 184 Cal.App.2d 798, 808-809 [8 Cal.Rptr. 114].) Defendant here does not contend that she did not receive a copy of the preliminary transcript.

Defendant's second contention is that she was deprived of due process by the fact that the prosecution introduced evidence of a confession without first proving that the confession had been made voluntarily.

At the preliminary hearing a police officer was called as a witness by the prosecution and asked what defendant had said in a conversation with him at a specified time and place. Defendant's counsel objected "on the grounds of no corpus delicti established." This objection was overruled. The officer then related defendant's confession. No one asked the officer whether the defendant's statement to him had been made voluntarily. Defendant's counsel cross-examined the officer

and inquired whether the statement had been electrically transcribed or reduced to writing, and the officer produced his notes of the conversation. No other questions were asked as to the circumstances under which the conversation had occurred.

At the trial the parties stipulated to waive a jury and submit the case on the preliminary transcript. Again no objection was made to the confession in the record. Defendant did not testify, either at the trial or at the preliminary hearing. Defendant's attorney argued certain points of law before the case was submitted to the trial judge, but he made no contention that the confession should not be considered.

The circumstances here presented do not indicate that the constitutional rights of defendant have been infringed. ▉ Where the trial judge has reason to believe that the confession may have been involuntary, it is his duty to inquire even in the absence of an objection by counsel. (*People* v. *Rodriguez*, 58 Cal.App.2d 415 [136 P.2d 626].) ▉▉ Where there is no reason for the court to suspect that the confession was not freely given, and where counsel offers no objection on that ground, the testimony is admissible. (*People* v. *White*, 43 Cal.2d 740 [278 P.2d 9] ; *People* v. *Walters*, 189 Cal.App.2d 334, 336 [11 Cal.Rptr. 307].) Had defendant raised the point either at the preliminary hearing or at the trial, the court then would have had an opportunity to take evidence on the matter. In this case the failure of defendant's counsel to mention this subject in the trial court is persuasive here that the confession was not improperly obtained.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.